UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHAMIR CHAPPELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00283-LJM-MJD |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Shamir Chappell ("Chappell") has filed this habeas corpus petition alleging various constitutional and evidentiary irregularities in his trial and alleging that both trial counsel and appellate counsel violated the *Strickland* standard in not bringing these constitutional problems to the attention of the trial and appellate courts. Dkt. Nos. 1 & 9. For the reasons stated herein, the Court **DENIES** Chappell's motion and denies a certificate of appealability.

**I. DISCUSSION**

Chappell stands convicted of one count of Class A Felony Aiding and Abetting Burglary Causing Bodily Injury and one count of Aiding or Abetting or Causing a Class C Felony Battery. Chappell's concern is that the victims of the burglary had been the subjects of an eviction judgment and had not yet removed themselves from the burgled home and so they had no possessory interest in the home. He urges, as best the Court can tell, that an individual who has been evicted and stays in a home cannot be the victim of a burglary under the Indiana statute defining burglary because that evicted person has no legally recognized possessory interest in the home. Chappell complains that his

counsel at both trial and on appeal were negligent in not urging this theory upon the courts and making the proper objections to any directly contrary theories of prosecution. He urges further that a conviction for these two crimes constitutes double jeopardy and those who neither propounded this theory on his behalf upon the trial courts, or preserved the record for such on appeal or urged the argument on appeal are operating below the *Strickland* standard.

These arguments, or arguments that stem from these basic allegations have been raised on direct appeal and in the exercise of his post-trial remedies so that there are no exhaustion issue herein. The Indiana Court of Appeals disposed of these arguments both on direct appeal and on appeal from petitioner's post-conviction relief petition. *See Chappell v. Indiana*, 966 N.E.2d 124 (Ind. Ct. App. 2012); *see also Chappell v. Indiana*, Cause No. 89A01-1503-PC-124, 2016 WL 228982 (Ind. Ct. App. Jan. 19, 2016).

*Starkweather v. Smith*, 574 F.3d 399, 402 (7th Cir. 2009), provides the standard of review for this Court: "Under the [Antiterrorism and Effective Death Penalty Act,] AEDPA, a federal court may grant habeas relief only if the state court's adjudication of the petitioner's constitutional claims was based on unreasonable fact-finding or was contrary to, or involved an unreasonable application of, clearly established federal law." (citing 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 376-77 (2000)). Further, under *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed on his ineffective assistance of counsel claim Chappell must "show that (1) counsel's performance was objectively unreasonable and (2) counsel's errors affected the outcome of the proceeding." *Starkweather*, 574 F.3d at 402 (citing *Strickland*, 466 U.S. at 688).

The facts here are not in dispute and are set out with particularity in both state court opinions cited above. Briefly, Chappell broke into a home the inhabitants of which were related to the individual on the lease. The leaseholder failed to abide by the terms of the lease and had been, prior to the break in, the subject of a court ordered eviction. While the lease holder had honored the notice of eviction, her relative and his wife did not. Once inside the home Chappell and his accomplice, Wilkerson, in individual incidents, assaulted the inhabitants. It is significant to note that Chappell does not allege that anyone authorized his entry into the house, a very difficult claim to make given that the evidence was that he kicked in the door.

The Indiana burglary statute states:

Sec. 1. A **person** who breaks and enters the building or structure of another **person**, with intent to commit a felony or theft in it, commits **burglary**, a Level 5 felony. However, the offense is:

(1) a Level 4 felony if the building or structure is a dwelling;

(2) a Level 3 felony if it results in bodily injury to any **person** other than a defendant;

(3) a Level 2 felony if it:
    (A) is committed while armed with a deadly weapon; or
    (B) results in serious bodily injury to any **person** other than a defendant; and

(4) a Level 1 felony if:
    (A) the building or structure is a dwelling; and
    (B) it results in serious bodily injury to any **person** other than a defendant

Ind. Code § 35-43-2-1. Again, the conviction here is for breaking and entering a structure of another person with the intent to commit a felony resulting in serious bodily injury to any person other than defendant. Chappell neither asserts that the structure for which he stands convicted of burglarizing was not a dwelling place, nor denies that he forced

his way into the home.  Further, he does not claim that he was invited in or that he had permission to enter.  Neither can Chappell dispute that the evidence was that he intended to commit a felony therein, or that an individual inside the home received serious bodily injury.  He argues only that because the individuals inside had no legal possessory right to be in the home that no burglary occurred.   The Indiana Appellate Court found that such a position is unfounded in the law.  That this is a reasonable application of Indiana law is beyond dispute.

      The statute clearly prohibits breaking into a house belonging to another and causing serious bodily injury to any person.  The legal status of the person receiving bodily injury is of no moment and is not an element of the prohibited behavior.  The protection from assault inures to the inhabitant of the dwelling place as well as the owner of the possessory interest in the home.  The crime of burglary is compounded by the nature of the felony committed while inside the dwelling.  Here that aggravation is the serious bodily injury to, as the statute says, a person within the home.  Not just the owner or the renter or the leaseholder, but a person within the home.  Therefore any failure to either investigate the facts of the leasehold or to raise this issue during the trial could not be a violation of the *Strickland* standard.

      Petitioner further asserts that convictions for the two felonies result in an unconstitutional double jeopardy.  They simply do not.  The elements required to prove a class C felony battery are that Chappel knowingly or intentionally aided or induced another person, here accomplice Wilkerson, to touch another person in a rude, insolent, or angry manner with a deadly weapon.  Ind. Code § 35-42-2-1(g)(2).  In order for the conviction to be a violation of the constitutional prohibition for double jeopardy, Chappell

has to show that there is a reasonable possibility that the jury used the same facts to support both convictions. *See*, *generally Richardson v. Indiana*, 717 N.E.2d 32 (Ind. 1999).

This Chappell cannot do. This question was more than reasonably dealt with by the Indiana Court of Appeals in its 2016 opinion. The evidence was clear that after the breaking and entering, and after Wilkerson stabbed the female victim, Chappell impeded the escape of the female victim and attacked the male victim as the male victim was attempting to defend the female victim from Wilkerson's assault with a knife. Therefore, there is no danger that the jury used the same facts to convict Chappell of the two crimes. These were two separate crimes and the evidence clearly supported the convictions; therefore, Chappell cannot meet the *Strickland* standard on this theory either.

## II. CONCLUSION

For the reasons stated herein, Petitioner Shamir Chappell's petition for writ of habeas corpus is **DENIED**. Judgment shall be entered accordingly.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Shamir Chappell has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court **DENIES** a certificate of appealability.

IT IS SO ORDERED this 9th day of June, 2017.

Distribution attached.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

SHAMIR  CHAPPELL
212535
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only